Case 4:99-cv-02985-WMA   Document 23   Filed 03/06/00   Page 1 of 4

FILED
00 MAR -6 PM 2:32
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAR - 6 2000

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

ROBERT G. WHITE,  }
                  }
     Plaintiff,   }
                  }     CIVIL ACTION NO.
v.                }
                  }     99-AR-2985-M
ALL STAR MANUFACTURED HOMES, }
INC., *et al.*,   }
                  }
     Defendants.  }

### MEMORANDUM OPINION

Federal courts are courts of limited jurisdiction. Although defendants in the above-entitled cause have not raised a jurisdictional defense, the parties cannot confer jurisdiction on the court, which is required, whether reminded to do so or not, to make sure of its own jurisdiction before it proceeds toward a resolution of a controversy that might prove to be a Pyrrhic victory for the party who ostensibly prevails only to learn that the court is without jurisdiction. If this court lacks jurisdiction, it cannot grant defendants' motions to compel arbitration.

The only basis upon which plaintiff, Robert G. White, posits subject matter jurisdiction is the existence of a so-called "federal question" under 28 U.S.C. § 1331. His federal claim is for breach of warranty in violation of the Magnuson-Moss Act, 15 U.S.C. §§ 2309, *et seq*. White seeks to append state law claims,

1



relying upon this court's supplemental jurisdiction. Of course, unless this court has jurisdiction over a federal claim under 28 U.S.C. § 1331, it cannot address pendent state claims.

The Magnuson-Moss Act has a specific "amount in controversy" requirement, similar to the requirement for acquiring so-called "diversity jurisdiction," except that under Magnuson-Moss the requirement is $50,000 instead of the $75,000 in diversity cases. See 15 U.S.C. § 2310(d)(3)(B).

The burden is on a plaintiff to demonstrate the existence of subject matter jurisdiction by a preponderance of the evidence. White's complaint arises out of his purchase of a mobile home. He sues the seller and the manufacturer. He does not set forth the amount of damages sought. His Magnuson-Moss counts do not seek punitive damages for the reason that punitive damages are not recoverable in a Magnuson-Moss action in Alabama. Such an action is basically *ex contractu* and not *ex delicto*. Neither plaintiff nor defendants have offered anecdotal evidence to suggest that plaintiff's claim is worth more than $50,000.

Although this court finds no definitive expression by the Eleventh Circuit on the instant jurisdictional question, it is persuaded by what Judge Fitzpatrick said in *Simmons v. Taylor Childre Chevrolet-Pontiac*, 629 F.Supp. 1030 (M.D. Ga 1986). There, Judge Fitzpatrick found that he lacked jurisdiction over a Magnuson-Moss action because the $50,000 minimum did not appear,

despite plaintiff's claim for punitive damages.  Judge Fitzpatrick found that punitive damages were not recoverable under Georgia law for a breach of warranty.  Merely dressing White's claim up with such descriptive terms as "deceptive," "fraudulent," "malicious," "oppressive," "wanton," and "in bad faith" does not alter the fact that White's prospects for recovering damages exceeding $50,000, (not including possible attorneys fees which are part of "costs" and not includable) is slim to none.  As already pointed out, the burden of showing a real possibility of recovering over the jurisdictional amount is on the party who invokes the court's jurisdiction.  *Tapscott v. MS Dealer Service Corp.*, 77 F.3rd 1353, 1357 (11th Cir. 1996).  Although it is theoretically possible for punitive damages to exceed $50,000, if such damages are recoverable, this court again agrees with Judge Fitzpatrick when he says that an "independent or *pendent* state tort claim cannot be used to confer jurisdiction under Magnuson-Moss."  629 F.Supp. 1033, citing *Boelens v. Redman Homes, Inc.*, 747 F.2d 1058, 1071, (5th Cir. 1984).  White does not even allege the amount that he paid for the mobile home or the amount of his-out-of-pocket expenses proximately caused by defendants' conduct.  White's claim for mental anguish, even if cognizable in a breach of warranty case, cannot realistically push his recoverable damages beyond the $50,000 minimum.

   For the foregoing reasons, the court will enter an order of

3

dismissal without prejudice. Whether a court of competent jurisdiction will order arbitration becomes an academic question for this court.

DONE this __6th__ day of March, 2000.

                                                              /s/ William M. Acker, Jr.
                                                              WILLIAM M. ACKER, JR
                                                              UNITED STATES DISTRICT JUDGE