IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| ROBERT G. WHITE,   }<br>              }<br>     Plaintiff,  }<br>              }    CIVIL ACTION NO.<br>v.            }<br>              }    99-AR-2985-M<br>ALL STAR MANUFACTURED HOMES, }<br>INC., *et al.*,   }<br>              }<br>     Defendants.  } |   |

**MEMORANDUM OPINION**

Plaintiff, Robert G. White ("White"), has timely moved for reconsideration of the order of March 6, 2000, dismissing his above-entitled action without prejudice, based upon this court's conclusions that it lacked jurisdiction over White's action, which was brought under the Magnuson-Moss Act, and that any possible state law claims could not be appended to a federal claim over which the court had no jurisdiction. Defendant, All Star Manufactured Homes, Inc. ("All Star"), while denying liability to White in any amount, now concedes the existence of complete diversity between plaintiff and defendants, concedes that plaintiff's "would-be" state law claims exceed $75,000 in amount, and apparently even concedes that the Magnuson-Moss claim exceeds $50,000 in amount. However, All Star claims that the entire controversy is subject to compulsory arbitration pursuant to a written agreement executed by White. On the other hand, defendant,

1

Sweetwater Homes, Inc. ("Sweetwater"), contends that the court was right in concluding that it lacked jurisdiction when it dismissed the case on March 6, 2000, but further contends that the court would still lack jurisdiction even if White is allowed to amend his complaint to allege complete diversity and to add what plaintiff calls state law claims of "deceptive and/or misleading warranty" and "bad faith," and to ask for more than $75,000, including punitive damages.

The court remains convinced that White cannot allege facts that will create any serious possibility of his recovering more than $50,000 under any Magnuson-Moss theory. This means, of course, that jurisdiction in this court cannot be premised on the existence of a "federal question," because this court has no jurisdiction whatsoever over a Magnuson-Moss claim unless that claim exceeds $50,000 in amount. So, instead of what White originally attempted, namely, to append state law claims to a claim over which this court has "federal question" jurisdiction, White now seeks to invoke the court's "diversity" jurisdiction, and wants to append a separate federal claim, namely, his Magnuson-Moss claim. This is an unusual situation, but it has been addressed before, and was approved by two district judges of the Eastern District of Pennsylvania. See *Ferroni v. General Motors Corporation*, 694 F. Supp. 1193 (E.D. Pa. 1987), and *Wetzel v. American Motors Corp.*, 693 F. Supp. 246 (E.D. Pa. 1988). This

court agrees with the Pennsylvania judges. However, two questions remain: (1) whether White can be permitted to amend after a justified dismissal of his case; and (2) whether his proposed amendment, if allowed, would support jurisdiction.

Sweetwater is correct in pointing out that White's "would-be" "bad faith" claim fails as a matter of law, and should be ignored for the purpose of ascertaining whether this court can obtain jurisdiction. Whether White's Count Three that claims "deceptive and/or misleading warranty" states a claim under Alabama law upon which relief can be granted is a question that this court will not attempt to answer at this juncture. It may require a certification of the question to the Supreme Court of Alabama. This court does, however, agree with Sweetwater that there is no point in allowing a closed case to be reopened for the mere purpose of allowing the filing of an amended complaint that does not supply a viable basis for the jurisdiction previously found to be lacking.

There are only two things that White's proposed amended complaint would add if it is allowed. The first is that it will demonstrate, for the first time, that there is, in fact, complete diversity of citizenship between plaintiff and defendants. Why diversity was not alleged and relied upon in the original complaint remains a mystery. Secondly, the amendment, if allowed, would for the first time present a purported state law cause of action for "deceptive and/or misleading warranty." Such a claim may or may

3

not be viable separate and apart from the Magnuson-Moss claim.

In order to explore the matter further before ruling on White's interconnected motions for reconsideration and for leave to amend, both motions are hereby SET for oral hearing at this court's next regular motion docket at 9:00 a.m. April 14, 2000. The inquiry on September 14, 2000, will center on Sweetwater's contention that White's putative Count Three is no more than a disguised Magnuson-Moss claim that cannot legitimately support an expectation of a recovery of $75,000. The court will also expect the parties to address the potential impact of the fact that the Supreme Court has granted certiorari in *Randolph v. Green Tree Financial Corp. - Alabama*, 178 F.3d 1149 (11th Cir. 1999), on the question of arbitrability, that is, if this court has jurisdiction.

DONE this 7th day of April, 2000.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE